IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANE CZARNECKI | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.: |
| | ) |
| | ) JURY TRIAL DEMANDED |
| SMITH VOLKSWAGEN, LTD. | ) |
| a Delaware Corporation | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. This action arises to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment and to remedy retaliation and discharge against an employee for activity protected under provisions of Title VII of the Acts of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U. S. C. §§ 2000 et. seq. ("Title VII").

2. The jurisdiction of the Court is also invoked pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343.

3. Venue lies in this judicial district since all acts alleged herein occurred within the District of Delaware.

## PARTIES

4. Plaintiff, Jane Czarnecki, is a female citizen of the United States and currently resides at 1114 Capitol Trail, Newark, New Castle County, Delaware, 19711

5. Defendant, Smith Volkswagen, Ltd. (hereinafter "Smith Volkswagen") is a Delaware

corporation with its principal place of business located at 4304 Kirkwood Highway, Wilmington, New Castle County, Delaware, 19808. Defendant is its own Registered Agent for service of process in the State of Delaware.

6. At all times relevant hereto, Defendant, Smith Volkwagen, has been an employer as defined in § 701(b)(g)(h) of the Civil Rights Act, 42 U.S.C. § 2000(b)(g)(h), in that Defendant's operations effect commerce and Defendant has employed at least fifteen (15) persons.

## FACTS COMMON TO ALL COUNTS

7. Defendant operates a car dealership at 4304 Kirkwood Highway, Wilmington, 19808, New Castle County, Delaware.

8. Plaintiff began her employment with the Defendant as a Service Writer on or about October 1, 2003.

9. In that capacity Plaintiff obtained information from customers about repair work needed for their vehicles, wrote up service orders based on that information, and delivered the service orders to Defendant's Shop Foreman for dispatch to the mechanics who performed the service work.

10. Plaintiff was one of three (3) Service Writers. The other two (2) Service Writers were male.

11. At the time of Plaintiff's hiring, Defendant did not have a sexual harassment policy.

12. At the time of Plaintiff's hiring, Defendant did not provide any sexual harassment training to Plaintiff.

13. Upon information and belief, at no time prior to Plaintiff's hiring did Defendant provide sexual harassment training to any of its employees and/or managers.

14. The Shop Foreman who Plaintiff had to deliver service orders to was Ronald Sharp (hereinafter "Sharp").

15. Sharp immediately commenced a daily pattern of ridiculing Plaintiff by, for example: talking down to her; placing a rock on her desk and asking Plaintiff whether she was smarter than the rock; and refusing to tell Plaintiff the status of customers' cars.

16. Sharp did not ridicule the two (2) male Service Writers.

17. Whenever Plaintiff delivered service orders to the Shop, mechanics, (including, but not limited to, Tim Austin, Billy Ray, Doug Hobart, Josh Lovett and Doug Copey), also taunted Plaintiff on a daily basis by, for example: whistling at her; mocking her voice; walking with their chests sticking out imitating her breasts; and placing cups on their chests to make fun of her breasts.

18. Mechanics also frequently hid the keys to customers' vehicles so that Plaintiff could not find them, called Plaintiff's phone extension and then hung up without talking to her, and refused to give her a straight answer when she inquired about the status of a vehicle.

19. Mechanics did not subject the two (2) male Service Writers to the same conduct.

20. The conduct Plaintiff was subjected to created a sexually hostile work environment on the basis of her gender.

21. Plaintiff asked the mechanics to stop harassing her to no avail.

22. Sharp observed the mechanics' conduct and did nothing to stop it.

23. Within the first six weeks of Plaintiff's employment, Plaintiff complained to her Direct Supervisor, Service Manager Phil Mallet-Provost (hereinafter "Mallet-Provost"), about the mechanics' behavior.

24. Plaintiff advised Mallet-Provost that the constant harassment was making it difficult to do her job.

25. Mallet-Provost did nothing in response to Plaintiff's complaints.

26. Plaintiff complained to Defendant's General Manager, Pat Smith (hereinafter "Smith").

27. Smith did nothing in response to Plaintiff's complaints.

28. In approximately December, 2003, Joseph DuPre (hereinafter "DuPre") became Plaintiff's Direct Supervisor, replacing Mallet-Provost as Service Manager.

29. Plaintiff complained to DuPre about the mechanics' conduct within the first week of DuPre becoming her Direct Supervisor. DuPre initially did nothing in response to Plaintiff's complaints.

30. In the beginning of March, 2004, approximately five (5) months after Plaintiff's date of hire, Defendant issued a notice that sexual harassment was forbidden.

31. For a brief period of time after issuance of the notice the mechanics' behavior abated.

32. However, by the end of March, 2004, the mechanics' behavior began again.

33. On or about March 30, 2004 mechanic Tim Austin (hereinafter "Austin") told Plaintiff to "get the F___ out of my bay" when she inquired about the status of a car; and later that same day taunted Plaintiff by pulling his shirt out to make it look like her breasts, and imitated her voice.

34. Plaintiff walked over to Austin and placed her hand on his shoulder and warned him to stop.

35. Austin then alleged that Plaintiff had sexually harassed him.

36. Smith talked to Plaintiff about the incident and then fired Austin. Plaintiff was given a day off without pay.

37. On or about April 15, 2004, Plaintiff was in the parking lot of the dealership to obtain a VIN number on a car, when a friend of Austin's, Douglas Copley (hereinafter "Copley"), a former employee of Defendant's, stopped his car in the parking lot and threatened Plaintiff, shouting to Plaintiff that "I'm going to get you, you F_____ bitch for getting me fired too".

38. Upon information and belief, Copley was prohibited by Defendant from being on its premises.

39. Plaintiff informed Smith and DuPre about Copley's threat. Smith exhibited little concern for Plaintiff and told her to call 911 herself.

40. Plaintiff called out sick on Friday, April 16, 2004 and sought treatment from her family doctor, Leonard Hershon, M.D. Dr. Hershon diagnosed Plaintiff as suffering from anxiety due to co-worker harassment, and prescribed medication. Dr. Hershon noted that Plaintiff could return to work on Monday, April 19, 2004.

41. Plaintiff contacted Defendant to advise the dealership that she would return to work on Monday, April 19, 2004. Plaintiff was told not to return to work until Tuesday, April 20, 2004.

42. When Plaintiff reported to work on Tuesday, April 20, 2004, she was terminated.

43. Defendant alleged that Plaintiff was being terminated for errors in writing service orders.

44. Upon information and believe, Plaintiff had not made any more mistakes on service orders than either of the two (2) male Service Writers.

45. At no time prior to Plaintiff's termination was she warned of poor work performance or written up for any performance deficiencies.

46. Neither of the two (2) male Service Writers were terminated for their mistakes.

47. Upon information and belief, Plaintiff was replaced by a male Service Writer.

48.     As a direct and proximate result of the sex discrimination, sexual harassment, retaliation, and discharge, Plaintiff has experienced and continues to experience extreme anxiety and emotional distress as well as economic loss.

## EEOC PROCEEDINGS

49.     On or about July 13, 2004 Plaintiff filed a Charge of Discrimination with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC") against Defendant alleging sex discrimination.

50.     On or about April 28, 2005, the Delaware Department of Labor issued a Reasonable Cause Determination finding that there was reasonable cause to believe that an unlawful employment practice had occurred.

51.     On or about August 30, 2005, the EEOC issued a Notice of Right to Sue Letter.

52.     Plaintiff's received a copy of the Notice of Right to Sue Letter on or about September 1, 2005.

53.     A true and correct copy of the Notice of Right to Sue Letter is attached hereto as Exhibit "A".

## COUNT I - SEX DISCRIMINATION

54.     Paragraphs 1 through 53 are hereby realleged and incorporated herein by reference as if fully set forth herein.

55.     Such acts as described above by Defendant, Smith Volkswagen, Ltd., its agents and employees, including subjecting Plaintiff to a sexually hostile work environment and discriminatory firing, constitute unlawful sex discrimination and sexual harassment against Plaintiff in violation of

Title VII, 42 U.S.C. §§ 2000(e) et. seq.

56. As a direct and proximate result of Defendant's unlawful discrimination, by and through its agents and employees, Plaintiff Jane Czarnecki has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and lost wages and lost benefits.

## COUNT II - RETALIATION

57. Paragraphs 1 through 56 are hereby realleged and incorporated herein by reference as if fully set forth herein.

58. Such acts as described above by Defendant, Smith Volkswagen, Ltd., its agents and employees, constitute unlawful retaliation against Plaintiff for having complained of discrimination and sexual harassment, in violation of § 704(a) of Title VII, 42 U.S.C. §§ 2000(e)-(3)(a).

59. As a direct and proximate result of Defendant's unlawful discrimination and retaliation by and through its agents and employees, Plaintiff Jane Czarnecki has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety, lost wages, and lost benefits.

## COUNT III - PUNITIVE DAMAGES

60. Paragraphs 1 through 59 are hereby realleged and incorporated herein by reference as if fully set forth herein.

61. Defendant's actions as described above were done maliciously and/or with reckless indifference to Plaintiff's federally protected rights. As such she is entitled to an award of punitive damages.

WHEREFORE, Plaintiff Jane Czarnecki demands judgment in her favor against Defendant Smith Volkswagen, Ltd. for compensatory damages, damages for emotional distress, damages for pain and suffering, lost wages, fringe benefits, front pay, special damages, medical expenses, punitive damages, costs of this action, Attorney's fees, expert fees, pre-judgment interest, post-judgment interest, and any other just and equitable relief as this Court deems proper.

                                            **KNEPPER & STRATTON**

Dated: September 27, 2005

                                            Barbara H. Stratton, Esquire
1228 King Street
P.O. Box 1795
Wilmington, Delaware 19899
(302) 652-7717
Delaware Bar I.D. #: 2785
bhsbank@knepperstratton.com
Attorney for Plaintiff

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Jane Czarnecki
1114 Capitol Trail
Newark, DE 19711

From: U. S. Equal Employment Opportunity Commission
Philadelphia District Office
21 South 5th Street - Suite 400
Philadelphia, PA 19106-2515

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2004-00571 (formerly 17CA400571) | Legal Unit | 215-440-2828 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____   August 30, 2005
Marie M. Tomasso, District Director     *(Date Mailed)*

Enclosure(s)

cc:   Smith Volkswagen
      Barbara H. Stratton, Esquire (for Charging Party)