IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANE CZARNECKI, | : |
|         Plaintiff, | : C.A. NO.: 05-704 |
| v. | : DEMAND FOR JURY TRIAL |
| SMITH VOLKSWAGEN, LTD., | : |
| A Delaware Corporation, | : |
|         Defendant. | : |

## ANSWER

1. No response is required except that the defendant denies any and all claims of liability in this action.

2. Admitted.

3. Admitted.

4. It is admitted that the plaintiff is a female citizen of the United States. The defendant is without knowledge or information sufficient to affirm the truth of the balance of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rules of Civil Procedure 8, they are denied.

5. Admitted except that the defendant is a limited liability corporation.

6. Admitted.

7. Admitted.

8. It is admitted that the plaintiff began her employment with the defendant as a Service Advisor on September 29, 2003.

9. It is admitted that the allegations contained in this paragraph of the Complaint represent a partial list of the plaintiff's job duties while employed with the defendant.

10. It is admitted that the plaintiff was employed as one of three Service Advisors and that the other two Service Advisors were male.

11. Denied.

12. Denied as written.

13. Denied as written.

14. Denied as written. It is admitted that for a period of time during her employment with defendant plaintiff would deliver service orders to Ronald Sharp and others working in the service department.

15. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

16. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

17. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

18. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

19. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

20. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

21. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

22. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

23. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

24. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

25. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

26. It is admitted that on or about March 5, 2004 the plaintiff directed certain complaints to General Manager Patrick Smith.

27. Denied.

28. Admitted.

29. The defendant is without knowledge or information sufficient to affirm or deny the

truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

30. Admitted.

31. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

32. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

33. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

34. It is admitted upon information and belief that plaintiff struck Austin on the back of his shoulder. The defendant is without knowledge or information sufficient to affirm or deny the truth of the balance of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

35. Denied. It is admitted that Austin alleged the plaintiff had struck him.

36. Admitted.

37. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

38. Admitted.

39. The first sentence is admitted. The second sentence is denied.

40. It is admitted that plaintiff called out on Friday, April 16, 2004. The defendant is without knowledge or information sufficient to affirm or deny the truth of the balance of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

41. Admitted.

42. Denied as written. It is admitted that the plaintiff was terminated on April 20, 2004.

43. Denied as written. It is admitted that the plaintiff was informed both verbally and in writing that the duties associated with her job position were not being performed by her in an accurate and consistent manner.

44. Denied.

45. Denied as written. It is admitted that the plaintiff's poor work performance was evident to the employees with whom she worked on a daily basis. The defendant is without knowledge or information sufficient to affirm or deny the truth of the balance of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

46. Denied as written. It is admitted that the two male Service Advisors were not terminated for poor work performance. It is denied that the two male Service Advisors had exhibited poor work performance. The defendant denies the balance of the averments, either express or implied, contained in this paragraph of the Complaint.

47. Admitted.

48. Denied.

49. Admitted.

50. Admitted.

51. Admitted.

52. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

53. Admitted upon information and belief.

54. The defendant incorporates its answers to paragraphs 1 through 53 above as if fully restated herein.

55. Denied.

56. Denied.

57. The defendant incorporates its answers to paragraphs 1 through 56 above as if fully restated herein.

58. Denied.

59. Denied.

60. The defendant is without knowledge or information sufficient to affirm or deny the truth of the averments contained in this paragraph of the Complaint and so, pursuant to Federal Rule of Civil Procedure 8, they are denied.

61. Denied.

## FIRST AFFIRMATIVE DEFENSE

62. Plaintiff has failed to state a claim under Count I upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

63. The defendant had no knowledge of the alleged sexual harassment and took prompt remedial action reasonably calculated to end it upon receiving plaintiff's

complaint.

## THIRD AFFIRMATIVE DEFENSE

64. The conduct alleged under Count I was not sufficiently severe or pervasive to constitute a violation of Title VII.

## FOURTH AFFIRMATIVE DEFENSE

65. The defendant exercised reasonable care to prevent sexual harassment in the work-place.

## FIFTH AFFIRMATIVE DEFENSE

66. Plaintiff failed to exercise reasonable care to avoid the alleged sexual harassment or to otherwise avoid harm.

## SIXTH AFFIRMATIVE DEFENSE

67. Plaintiff has failed to state a claim under Court II of the Complaint upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

68. The defendant based its employment action on legitimate non-discriminatory reasons.

## EIGHTH AFFIRMATIVE DEFENSE

69. Plaintiff failed to meet reasonable performance expectations over the course of her employment with the defendant.

## NINTH AFFIRMATIVE DEFENSE

70. Plaintiff has failed to state a claim under Count III of the Complaint upon which relief may be granted.

## TENTH AFFIRMATIVE DEFENSE

71. At all times relevant to this litigation the defendant exercised good faith compliance with Title VII.

WHEREFORE, the defendant, Smith Volkswagen, Ltd., demands judgment in its favor and against the plaintiff, plus its costs, attorneys' fees, expert fees, and any other just and applicable relief as this Court deems proper.

TYBOUT, REDFEARN & PELL

/s/ *David G. Culley*
_____
**DAVID G. CULLEY, ESQUIRE**
**TIMOTHY S. MARTIN, ESQUIRE**
Delaware Bar I.D. 2141
300 Delaware Avenue
P.O. Box 2092
Wilmington, DE 19899
(302) 658-6901
E-mail Address: dculley@trplaw.com
Attorneys for Defendant

DATED:    November 10, 2005

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that on November 10, 2005 copies of the attached were electronically filed with the Court requesting electronic service upon:

Barbara H. Stratton, Esquire
1228 King Street
P.O. Box 1795
Wilmington, DE 19899

TYBOUT, REDFEARN & PELL

/s/ *David G. Culley*
_____
DAVID G. CULLEY, ESQUIRE
TIMOTHY S. MARTIN, ESQUIRE
Delaware Bar I.D. 2141
300 Delaware Avenue
P.O. Box 2092
Wilmington, DE 19899
(302) 658-6901
E-mail Address: dculley@trplaw.com
Attorneys for Defendant

DATED:     November 10, 2005