# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

JANE CZARNECKI,                          :
                                         :   C.A. NO.: 05-704
                    Plaintiff,           :
                                         :   DEMAND FOR JURY TRIAL
        v.                               :
                                         :
SMITH VOLKSWAGEN, LTD.,                   :
A Delaware Corporation,                  :
                                         :
                    Defendant.           :

## DEFENDANT'S INTERROGATORIES DIRECTED TO THE PLAINTIFF[1]

1.      Give the names and last known addresses of all persons who have knowledge of

facts relating to any aspect of this litigation.

**ANSWER:**

---

[1]These interrogatories are continuing interrogatories, the answers to which are to be kept current.

2.     Give the names and last known addresses of persons from whom statements have been procured in regard to the facts alleged in the pleadings.  As to each person named, state:

(a)     The name and last known address of the person who took the statement;

(b)     The date when the statement was taken;

(c)     The names and last known addresses of all persons presently having copies of the statements.

**ANSWER:**

3.     State in detail the injuries, illnesses, complaints, diseases you claim to have sustained and for which you are seeking relief in this action.

**ANSWER:**

4.     Give the names and addresses of all doctors or other medical personnel who have examined you or treated you for any injury or claim averred in the complaint and the date on which such examination or treatment took place.  With regard to any treatments you have received from any doctor or other medical personnel, describe such treatment on each date set forth above.

**ANSWER:**

5.    Give the names and addresses of all medical institutions to which you have been admitted for any injury or claim averred in the complaint, together with the date of admission to and release from such institutions.

**ANSWER:**

6.    State whether you are still under the care of a physician, surgeon or other medical personnel, and if so, state his name and address and describe the nature of the care you are presently receiving.

**ANSWER:**

7.    If you are no longer under the care of a physician, surgeon or other medical personnel, give the date on which you were last treated or examined and the name and address of the doctor making such examination or treatment.

**ANSWER:**

8.    If you have fully recovered from any of the injuries, illnesses, complaints, discomforts or diseases which you claim resulted directly or indirectly from the incidents alleged in the Complaint, describe such injuries, illnesses, complaints, discomforts, or diseases from which you have recovered and, as to each, state the date of such recovery.

**ANSWER:**

9.    If you have not recovered from all of the injuries, illnesses, complaints, or diseases you allege in this action, state in what respect you have not fully recovered.

**ANSWER:**

10.    If you claim to be permanently disabled in any respect, describe such permanent disability in detail and give the names and addresses of persons who have knowledge of the fact that it is permanent.

**ANSWER:**

11.    State whether you or anyone on your behalf has received doctors' or hospital records or records bearing on your injuries. If the answer is "yes", state:

    (a)    The nature of such reports or records;

    (b)    At whose request they were prepared;

    (c)    The dates when they were made or prepared;

    (d)    The names and last known addresses of the persons making or preparing them;

    (e)    The name and last known address of the person or persons presently having custody of them.

**ANSWER:**

12.    State whether you are willing to execute a written authorization to inspect the records of hospitals and doctors who have rendered any medical treatment as a result of incidents alleged in the Complaint.  If the answer is "yes", please execute two copies of the medical authorizations attached to these interrogatories.

**ANSWER:**


13.    State what illnesses, infirmities, diseases, or injuries you had or were told you had during the ten years preceding the accident and whether or not the same originated during that period and state the names and addresses of doctors and hospitals rendering treatment for such condition.

**ANSWER:**


14.    Have you ever suffered any injuries in any accident either prior to or subsequent to the incidents referred to in the Complaint?  If so, state:

(a)    The date and place of such injury;

(b)    A detailed description of all the injuries you received;

(c)    The names and addresses of any hospitals rendering treatment;

(d)    The names and addresses of all physicians, surgeons, osteopaths, chiropractors, or other medical practitioners rendering treatment;

(e)    The nature and extent of recovery and, if any permanent disability was suffered, the nature and extent of the permanent disability;

(f)    If you were compensated in any manner for any such injury, or settled any claim for damages in connection with such accident, state the names and addresses of each and every person or organization paying such compensation and the amount thereof.

**ANSWER:**

15.    If you claim the right to recover any "out-of-pocket" expenses, including but not limited to medical expenses and without regard to whether such claim was previously stated in the complaint, state the dollar amount of such expenses, and, as to each such amount stated, state:

(a)    The date when it was incurred;

(b)    The name and address of the person or organization to whom it was incurred;

(c)    A description of the goods or services for which it was incurred.

**ANSWER:**

16.    If you claim the right to recover medical expenses or other "out of pocket" expenses

in the future in connection with the incident which are the subject of this litigation,

state:

(a)    The approximate dates when such expenses will be incurred;

(b)    An itemized statement of the amount of each such expense which will be
incurred and a description of the service or goods for which such expense
will be incurred;

(c)    The name and address of persons who have knowledge that such expenses
will be incurred.

**ANSWER:**

17.    State the name and address of every expert retained or employed by you in

anticipation of this litigation or preparation for trial, whether or not you expect to call

him as a witness at trial, and, as to each, state:

(a)    The dates of initial employment;

(b)    The date or dates of any reports, letters, or other writings prepared by such
person, a brief description of such writing (as two-page letter, three-page
report, etc.), and the names and addresses of persons having copies of
them;

(c)    Whether such expert also rendered any service, in connection with any
aspect of any subject matter involved in this litigation, other than in
anticipation of this litigation or preparation for trial (as, for instance, giving
medical attention required by the accident, designing machinery involved in
the accident, etc.).

**ANSWER:**

18.    With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert and, as to each expert named, state:

   (a)    The subject matter on which the expert is expected to testify;

   (b)    The substance of the facts and opinions to which the expert is expected to testify;

   (c)    A summary of the grounds for each such opinion.

**ANSWER:**

19.    If you claim the right to recover drug expenses, state specifically the name of such drug which you have purchased and, as to each, state:

   (a)    The date or dates purchased;

   (b)    The condition for which the drug was purchased;

   (c)    The intended effect or curative purpose of such drug;

   (d)    The name and address of the doctor or other person who prescribed it;

   (e)    The cost of such drug.

**ANSWER:**

20.    If you claim the right to recover for domestic help, state the name and address of

each person rendering such domestic help and, as to each person named, state:

   (a)    The date or dates on which they rendered domestic help and the hours of
          the day when such service was performed;

   (b)    The total amount of money paid to such person for the dates stated in
          answer to sub-question (a) above;

   (c)    The manner in which such payment was made (as, for instance, $1 an hour,
          $40 a week, etc.).

   **ANSWER:**

21.    State whether or not any lawsuit other than this case has been brought as a result

of the incident on which this action is predicated.  If so, please state the name and

address of such person and/or organization and the nature of the claim, and identify

the document(s) submitted in presenting the claim.

   **ANSWER:**

22.     State whether or not you, or any person on your behalf, has brought any claim against any other person or organization for the injuries for which this action is brought.  If so, please state the name and address of each such person and/or organization and the nature of the claim, and identify the document(s) submitted in presenting the claim.

**ANSWER:**

23.     Have you ever instituted a civil action in any court or have you ever been a defendant in a civil action in any court?  If so, please state the name and address of the court, the names and addresses of other persons or corporations who were parties to such action, the civil action number, the date (including the year and, if possible, month) when such action was instituted, and whether or not you were a plaintiff or defendant.

**ANSWER:**

24.   Please state the day, month and year you were born and your social security number.

**ANSWER:**

25.   State in detail exactly how you claim that the incident giving rise to the this action occurred.

**ANSWER:**

26.   State the name and address of each person or organization by which you were employed within ten years before the incidents giving rise to this action, or, if none, then the name and address of your last employer at any time before the alleged incident, and as to each, state:

(a)   State the name and address of each person or corporation by which you have been employed since April 20, 2004 and, as to each, state:

   (1)   The inclusive dates of employment;

   (2)   A specific description of the work you performed;

   (3)   Your rate of pay.

**ANSWER:**

27.    If you claim any loss of income or earning power as a result of the incident which are the subject of this litigation, either in the past, at present, or in the future, state:

(a)    The amount of income you claim to have lost as a result of the alleged incident or the total dollar value of the lost earning power you claim to have lost as a result of the alleged incidents and identify specifically whether the claim is for loss of income or for loss of earning power;

(b)    The specific inclusive dates when you claim to have been wholly unable to work as a result of the alleged incidents and the reasons why you were unable to work on such dates;

(c)    The specific inclusive dates when you were partially unable to work as a result of the alleged incidents and the reason why you were partially unable to work on such dates;

(d)    A specific description of the type or types of work you would have been performing or would have been able to perform during the period stated in answer to the previous two sub-questions of this interrogatory and the reasons you were unable to perform that work;

(e)    The rate of income which you would have been able to receive except for the alleged incidents (as, for instance, $1 per hour, $50 per week, etc.);

(f)    If you claim that you would have been employed during the periods of your disability, the name and address of the person or organization which would have been your employer during the period of time when you claim to have lost income;

(g)    If you claim loss of earning power instead of loss of earnings, the name and address of the persons or organizations by whom you could have been employed during the period when you claim to have sustained a loss of earning power;

(h)    If you claim that you would have been or could have been self-employed during the period of your disability, state the type of work in which you would have or could have been involved and the amount of money you claim you would have earned during the period of your disability.

**ANSWER:**

28.     If you are making a claim for loss of wages due to the injuries resulting from the alleged incident, state whether you are willing to execute a written authorization to inspect the records of employers, who have employed you in the years prior to or after the accident.   If the answer is "yes", please execute two copies of the employment authorizations attached to these interrogatories.

**ANSWER:**

29.     With respect to your response to the Requests filed simultaneously with these interrogatories, if the Work Product Immunity rule or the Attorney/Client Privilege rule has been asserted as to any item, please state:

(a)     A general description of the item;

(b)     The date of preparation;

(c)     The names and addresses of the persons who prepared the item;

(d)     The name and address of any person having copies of each item;

(e)     The name and address of the attorney directing the preparation, if different from (d) above.

**ANSWER:**

30.    If you are making a claim for any lost benefits resulting from the alleged incident which are the subject of this action please state in detail:

(a)    The amount of benefits you claim to have lost;

(b)    The specific inclusive dates when you claim to have lost benefits;

(c)    A specific description of each benefits you claim to have lost as a result of the alleged incidents which are the subject of this action.

(d)    The efforts you have made to date to mitigate the alleged loss of benefits.

**ANSWER:**

31.    Please state in detail each and every effort you have made since April 20, 2004 to find employment including the following:

(a)    The name and address of each and every employer or prospective employer you have contacted;

(b)    The name and address of each and every employer to whom you have submitted an application for employment;

(c)    The dates for each item covered by Subsections (a) and (b) above;

(d)    The results of the efforts described in Subsections (a) and (b) above (i.e., were you offered employment, were you denied employment, if the latter, why you were denied employment, etc.).

**ANSWER:**

32.    With regard to any claim for attorneys' fees please provide a complete itemization

of all attorneys fees incurred by you and for which you are seeking an award,

including:

(A)    The date of this service proviced to you;

(B)    The result of the service provided to you;

(C)    The amount charged for the service provided to you.

**ANSWER:**

                                        **TYBOUT, REDFEARN & PELL**

                                        _____
                                        **DAVID G. CULLEY, ESQUIRE**
                                        Delaware Bar I.D. 2141
                                        300 Delaware Avenue
                                        P.O. Box 2092
                                        Wilmington, DE 19899
                                        (302) 658-6901
                                        E-mail Address: dculley@trplaw.com
                                        Attorneys for Defendant

DATED:  December 28, 2005

## AUTHORIZATION TO DISCLOSE HEALTH INFORMATION

Patient Name:        JANE CZARNECKI                Social Security Number:

Date of Birth:

1.      I authorize the use or disclosure of the above named individual's health information as described below:

2.      The following individual or organization is authorized to make the disclosure:

        **Any and all health care providers of the above named patient.**

3.      The type and amount of information to be used or disclosed is as follows: (include dates where appropriate)

☐      problem list
☐      medication list
☐      list of allergies
☐      immunization record
☐      most recent history and physical
☐      most recent discharge summary
☐      laboratory results                    from (date)                to (date)
☐      x-ray and imaging reports        from (date)                to (date)
☐      consultation reports                from (doctors' names)
■      entire record
☐      other:

4.      I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

5.      This information may be disclosed to and used by the following individual or organization:

**Tybout, Redfearn & Pell**
**300 Delaware Avenue, Suite 1100**
**P.O. Box 2092**
**Wilmington, DE 19899**

for the purpose of:

        **Evaluating the medical condition of the above named patient.**

6.      I understand I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire on the following date, event or condition. **One year from the date noted by the patient on the signature line of this authorization.** If I fail to specify an expiration date, event or condition, this authorization will expire in six months.

7.      I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact (insert HIM director, privacy officer, or other office or individual's name or contact information).

_____        Date: _____
Signature of Patient or Legal Representative


_____                _____
If Signed by Legal Representative, Relationship to Patient        Signature of Witness

**NOTE. *The type of documents listed on the authorization form above may need to be modified depending on the particular health setting. Condition specific forms should be developed for research, or when a covered entity is seeking information for which it will be remunerated, etc.***

## AUTHORIZATION TO DISCLOSE HEALTH INFORMATION

Patient Name:        JANE CZARNECKI              Social Security Number:

Date of Birth:

1.      I authorize the use or disclosure of the above named individual's health information as described below:

2.      The following individual or organization is authorized to make the disclosure:

**Any and all health care providers of the above named patient.**

3.      The type and amount of information to be used or disclosed is as follows: (include dates where appropriate)

☐      problem list
☐      medication list
☐      list of allergies
☐      immunization record
☐      most recent history and physical
☐      most recent discharge summary
☐      laboratory results             from (date)              to (date)
☐      x-ray and imaging reports      from (date)              to (date)
☐      consultation reports           from (doctors' names)
■      entire record
☐      other:

4.      I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

5.      This information may be disclosed to and used by the following individual or organization:

**Tybout, Redfearn & Pell**
**300 Delaware Avenue, Suite 1100**
**P.O. Box 2092**
**Wilmington, DE 19899**

for the purpose of:

**Evaluating the medical condition of the above named patient.**

6.      I understand I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire on the following date, event or condition: **One year from the date noted by the patient on the signature line of this authorization.** If I fail to specify an expiration date, event or condition, this authorization will expire in six months.

7.      I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact (insert HIM director, privacy officer, or other office or individual's name or contact information).

Date: _____

_____
Signature of Patient or Legal Representative

_____              _____
If Signed by Legal Representative, Relationship to Patient          Signature of Witness

**NOTE.** *The type of documents listed on the authorization form above may need to be modified depending on the particular health setting. Condition specific forms should be developed for research, or when a covered entity is seeking information for which it will be remunerated, etc.*

## AUTHORIZATION TO RELEASE EMPLOYMENT INFORMATION

TO WHOM IT MAY CONCERN:

  I do hereby authorize the release of any and all employment records and or reports that may be requested by the law offices of Tybout, Redfearn & Pell, pertaining to employment, payroll, dismissal, and any other portion of a personnel file.


_____

WITNESS

_____

JANE CZARNECKI

_____

SOCIAL SECURITY NUMBER


DATED: _____

## **AUTHORIZATION TO RELEASE EMPLOYMENT INFORMATION**

TO WHOM IT MAY CONCERN:

      I do hereby authorize the release of any and all employment records and or reports that may

be requested by the law offices of Tybout, Redfearn & Pell, pertaining to employment, payroll,

dismissal, and any other portion of a personnel file.


_____

WITNESS

                                  _____

                                  JANE CZARNECKI

                                  _____

                                  SOCIAL SECURITY NUMBER

DATED: _____