## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANE CZARNECKI | ) | C.A. No.: 05-704 (GMS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| SMITH VOLKSWAGEN, LTD. | ) | |
| a Delaware Corporation | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT

## DEFINITIONS AND INSTRUCTIONS

Throughout these Interrogatories, whenever you are requested to identify a communication of any type, and such communication was oral, the following information should be furnished:

      a.      By whom it was made and to whom it was directed;

      b.      Its specific subject;

      c.      The date upon which it was made;

      d.      Who else was present when it was made;

      f.      Whether it was recorded, described or summarized in any writing of any type; if so, identify each such writing in the manner indicated below.

Whenever you are requested to "identify" a communication, memorandum or record of any type, and such communication was written, the following information should be furnished (the place of identification, production is acceptable):

      a.      Its nature, e.g. letter, memorandum, telegram, note, drawing, etc;

     b.     Its specific subject;

     c.     By whom it was made and to whom it was directed;

     d.     The date upon which it was made;

     e.     Who has possession of the original and any copies.

Whenever a person is to be "identified", you should furnish, except as other noted:

     a.     Name and present or last known address, and

     b.     If a corporation, the state of incorporation.

1.     Please state the name, address and the official capacity of the person or persons answering these Interrogatories on behalf of Defendant.

**ANSWER:**

2.     Indicate whether Plaintiff was given an employee handbook containing a sexual harassment policy. If so, indicate the date Plaintiff was given the employee handbook.

**ANSWER:**

3.     List all sexual harassment complaints received by Defendant and any of its managing agent from January 1, 1998 to April 30, 2004. State the name and address of the complainant; the

date or dates of the complaints; to whom the complaint was made; a brief description of the nature of the complaint; and the disposition of the complaint, either internally or externally. Identify whether there are any records of such complaints and in whose custody those records presently reside.

**ANSWER:**

4.     Were any of Defendant's Employees reprimanded or otherwise disciplined by Defendant or anyone on their behalf as a result of any complaints received from any existing or former employees of Defendant as delineated in response to Interrogatory 3 above? Is so, state the nature of the reprimand or discipline, by whom it was communicated, whether there are any documents referring or relating to such reprimand or discipline, and in whose custody such documents reside.

**ANSWER:**

5.     Indicate whether or not the sexual harassment policy was ever specifically reviewed with Plaintiff. If so, delineate who performed such review, when such review was conducted, the number of persons present when the review was conducted, and the date that such review occurred. Identify any documents relied on to answer this interrogatory.

**ANSWER:**

6.      With respect to any expert Defendant expects to call to testify as a witness at the trial, state the name, address and profession of such expert and, as to each expert named, state:

      (a)      the subject matter on which the expert is expected to testify;

      (b)      the substance of the facts and opinions to which the expert is expected to testify; and

      (c)      a summary of the grounds for each opinion.

**ANSWER:**

7.      State the names and present or last known addresses of persons who have been contacted, interviewed or interrogated on Defendant's behalf either before or after commencement of suit concerning the facts alleged in the pleadings and the subject of this action.

**ANSWER:**

8.      State the names and present or last known addresses of persons from whom written or oral statements have been obtained on Defendant's behalf, either before or after the commencement of suit, concerning the facts alleged in the pleadings and the subject of this action, and state as to each person:

(a)      the date each statement was taken;

(b)      the specific subject of each statement;

(c)      the names and present/or last known addresses of the person who took each statement;

(d)      whether such statement was written or oral; and

(e)      the names and present or last known addresses of persons in physical possession of such written statements and all copies thereof.

**ANSWER:**

9.      If any of the persons listed in the answers to the proceeding two (2) interrogatories were or are agents or employees of Defendant please:

(a)      describe in as much detail as possible, everything that was seen, heard or noticed by each such agent or employee;

(b)      state whether each such person is still an agent or employee of Defendant;

(c)    if such person is no longer an agent or employee of Defendant, please indicate when such relationship ceased and the reasons for the ending of that relationship along with the person's present address, if known.

**ANSWER:**

10.    Do you contend that the Plaintiff in this action said or did anything, or failed to do anything, that provoked the incidents alleged in the Complaint? If so, state all of the facts on which the contention is based, and provide the identity of every person or firm with knowledge or information respecting such fact or facts; identify all documents which tend to prove the existence or non-existence of such fact or facts, and the identity of any statements made by Plaintiff at the time of, immediately before, or immediately after the incidents alleged in Plaintiff's Complaint which you claim supports such contention.

**ANSWER:**

11.    Do you contend that the Plaintiff in this case consented to any of the acts which resulted in the injuries complained of in Plaintiff's Complaint? If so, state all of the facts on which

that contention is based, and provide the identity of every person or firm with knowledge or information respecting such fact or facts, the identity of all documents which tend to prove the existence or non-existence of such fact or facts; and the identity of any statements made by Plaintiff at the time of, immediately before, or immediately after the incidents alleged in Plaintiff's Complaint which you claim support such contention.

**ANSWER:**

12.     Do you contend that Plaintiff has made any admissions regarding any of the legal or factual issues in this action? If so, for each alleged omission, state the identity of the person making such admission, if other than Plaintiff personally, the date and place of such alleged admission, the form of such alleged omission, the nature or substance of such admission, and the identity of all other persons present at the time of making such admission.

**ANSWER:**

13.     If any sexual harassment training was conducted by Defendant, state the date of such training, indicate how many were in attendance at such training, describe the issues discussed in addition to sexual harassment, state how long the training lasted, state who conducted the training, and who attended such training.

7

**ANSWER:**

14.    State the names, addresses and telephone numbers of each person Defendant intends to call as a witness at Trial.

**ANSWER:**

15.    State whether Defendant had in place, during October 1, 2003 through April 30, 2004, any standard operating policies and procedures for the handling of employee problems or grievances.    If so, describe those policies and procedures and indicate how those policies and procedures were communicated to employees.

**ANSWER:**

16.    State whether the policies and procedures described in answer number 15 above were followed in relation to Plaintiff.    If so, explain how such policies and procedures were followed and

by whom.

**ANSWER:**

17.    State the terms and conditions of Plaintiff's employment with Defendant including wage information, and fringe benefits such as health insurance, pension plans, vacation pay, sick leave, etc.

**ANSWER:**

18.    State the names and the official capacity of the person or persons who were involved in supervising Plaintiff.

**ANSWER:**

19.    Please state the names and the official capacities of the person or persons who purportedly conducted Defendant's investigation into Plaintiff's harassment complaints.

**ANSWER:**

20.    Identify the employees or individuals currently responsible for investigating sexual harassment complaints.

**ANSWER:**

21.    Identify all documents reflecting, referring or relating to steps taken by Defendants to monitor the effectiveness of its policy and procedures for posting, distributing or communicating its sexual harassment policies.

**ANSWER:**

22.    Identify all documents, videotapes, audiotapes, books and other materials used to train supervisors regarding preventing, reporting and/or correcting sexual harassment.

**ANSWER:**

       23.     Identify all documents, videotapes, audiotapes, books and other materials used to train non-supervisory employees about sexual harassment and/or Defendant's sexual harassment complaint procedure.

**ANSWER:**

       24.     Identify the employees or individuals currently responsible for training non-supervisory employees about sexual harassment and/or Defendant's sexual harassment complaint procedure.

**ANSWER:**

25.    Identify any documents reflecting, referring or relating to policies about the periodic retraining of employees on sexual harassment, sexual harassment complaint procedures, and/or the investigation of sexual harassment complaints.

**ANSWER:**

26.    Identify all reference materials on the subject of sexual harassment policies and procedures located in Defendant's offices.

**ANSWER:**

27.    Identify any lawsuits or administrative agency charges of discrimination which have been filed against Defendant, including the name of the complainant, the charge number or civil action number and the disposition.

**ANSWER:**

28.    For the entire period of Plaintiff's employment with Defendant, and excluding the personnel file of Plaintiff, state whether Defendant or any of its employees has possession or control of any documents or files that contain information about plaintiff.  If the answer is in the affirmative, identify the source, location, and custodian of each document.

**ANSWER:**

29.    Identify any company policy prohibiting retaliation against an employee for reporting sexual harassment.

**ANSWER:**

30.    Identify the individuals who participate in preparing defendant's policies and procedures, currently in effect, regarding the posting and/or dissemination of Defendant's sexual harassment policy.

**ANSWER:**

13

31.    Identify any physical evidence relating to the investigation of Plaintiff's sexual harassment Complaint.

**ANSWER:**

32.    Explain whether Plaintiff was counseled or advised by Defendant or any of its Management Agents regarding any alleged performance deficiencies. If so, identify the dates of any such counseling or advisement, by whom it was conducted, whether any documents were reviewed and if so, which ones, and whether any plan was communicated for improvement, and the specifics of any such plan. Indicate whether there are any documents relating to any counseling or advisement sessions and any improvement plan.

**ANSWER:**

33.    Indicate the names, last known addresses and telephone numbers of all women who have held the position of service writer from January, 1998 to April 30, 2004.

**ANSWER:**

34.    Does Defendant have any policies governing discipline and/or performance?  If so, specifically identify how any such policies were applied to Plaintiff.

**ANSWER:**

KNEPPER & STRATTON

BY: _____
    BARBARA H. STRATTON
    DE I.D. # 2785
    1228 King Street
    P.O. Box 1795
    Wilmington, DE 19899
    ATTORNEY FOR PLAINTIFF

DATED: February 16, 2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JANE CZARNECKI            )      C.A. No.: 05-704 (GMS)
                            )
      Plaintiff,          )
                            )
v.                       )
                            )
                            )      JURY TRIAL DEMANDED
SMITH VOLKSWAGEN, LTD.   )
   a Delaware Corporation    )
                            )
      Defendant.        )

## CERTIFICATE OF SERVICE

    I, Barbara H. Stratton, Esquire, do hereby certify that a true and correct copy of Plaintiff's

First Set of Interrogatories was served via Electronic Filing and U.S. Mail, Postage Prepaid on this

16th day of February, 2006 upon the following counsel of record:

David G. Culley, Esquire
Tybout, Redfearn & Pell
300 Delaware Ave
Suite 1100
Wilmington, DE 19801

                              **KNEPPER & STRATTON**

Dated: February 16, 2006                        _Barbara H. Stratton_
                              BARBARA H. STRATTON, ESQ.
                              1228 King Street
                              P.O. Box 1795
                              Wilmington, Delaware 19899
                              (302) 652-7717
                              DE I.D. #: 2785