J. 8 (Rev. 1/94) Subpoena in a Civil Case
Case 1:05-cv-00704-GMS    Document 37    Filed 03/13/2006    Page 1 of 2
Issued by the

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

JANE CZARNECKI

v.

SMITH VOLKSWAGEN, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number: 05-704

TO: * Employment Records Keeper for:    J. C. PENNEY CORPORATION, INC.
c/o The Corporation Trust Company
1209 Orange Street
Wilmington DE 19801

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| TYBOUT, REDFEARN & PELL, 750 S. Madison Street, 4th Floor, Wilmington, DE 19801 |  |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): : NOTE: Your appearance is waived if the records are received in this office by the date of the deposition.

**a copy of their employment records on employee JANE CZARNECKI, (DOB: 05/30/62) (SSN: 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) including, but not limited to payroll records, applications for employment, contracts or similar records of employment, job descriptions or other terms &/or conditions of employment.**

| PLACE | DATE AND TIME |
|---|---|
| TYBOUT, REDFEARN & PELL, 750 S. Madison Street, 4th Floor, Wilmington, DE 19801 | **MARCH 30, 2006** <br> **1:00 p.m.** |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. *Federal Rules of Civil Procedure 30(b)(6).*

| REQUESTING PARTY'S NAME, ADDRESS AND PHONE NUMBER | | |
|---|---|---|
| DAVID G. CULLEY, ESQUIRE, TYBOUT, REDFEARN & PELL, 750 S. MADISON STREET, 4TH FLOOR, P.O. BOX 2092, WILMINGTON, DE 19899 | | |
| ISSUING PARTY'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br> *[signature]* <br> **Attorneys for Defendant** | | DATE <br> March 6, 2006 |

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|
| **SERVED** | March 7, 2006 (1:25 P.M.) | | The Corporation Trust Company 1209 Orange Street Wilmington, Delaware 19801 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Scott LaScala, section head of process | by delivering a copy thereof to a person of suitable age and discretion then employed therein (as registered agent for J.C. Penney Corporation, Inc.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Jeffrey L. Butler | process server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

Executed on     March 7, 2006
                    DATE

SIGNATURE OF SERVER
Legal Beagles, Inc.
P.O. Box 886
New Castle, Delaware 19720-0886
(302) 322-9897

ADDRESS OF SERVER

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**
**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time fo ran order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance,
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden,

(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles
to attend trial;

the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.